NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 07-30239
        Chapter 13

RAYMOND F. JONES, JR.,

    Debtor.

## ORDER CONDITIONALLY GRANTING
## MOTION FOR RELIEF FROM STAY

On August 3, 2007, Clanton Financial Services, Inc. (hereinafter "Clanton Financial") filed a motion for relief from stay to allow it to enforce its lien on the debtor's 1995 Chevrolet Suburban (Doc. #27). There, Clanton Financial alleged that its collateral, the vehicle, is uninsured, and as a result, its claim is not adequately protected.

On August 16, 2007, the debtor filed a response in opposition to the motion (Doc. #30). The debtor acknowledged that there is no physical damage insurance coverage for the vehicle. Further, he asserted that due to a limited income, a $1,245 per month Social Security benefit, he could not afford to purchase such coverage. Nonetheless, the debtor maintained that the creditor is being adequately protected through the stream of payments provided to it under the plan.[1]

The matter was originally set for hearing on August 27, 2007, but was continued to September 10, 2007, to afford the parties an opportunity to reach a negotiated settlement. At the September 10 hearing, the parties advised the court that they were unable to reach an agreement.

The statute mandates that the automatic stay be lifted on the motion of a

---

[1] Currently, the plan provides that Clanton Financial receive $130 per month from the payments made to the chapter 13 trustee. At the hearing, the debtor offered to increase that amount to approximately $170 per month, but the creditor rejected that proposal.

creditor having an interest in the debtor's property if that interest is not adequately protected. The Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

The term "adequate protection" is not particularly defined by the statute. Yet, the Code describes the various means by which adequate protection may be furnished. *See* 11 U.S.C. § 361.

For example in a chapter 13 case, debtors are permitted to retain possession and use of property in which creditors have an interest. A stream of payments to a secured creditor serves to adequately protect their interest against diminution of the collateral value as a result of depreciation. *See* 11 U.S.C. § 361(1). Therefore, should the chapter 13 case be dismissed or converted prior to its completion, the value of the collateral relative to the debt would have been maintained through this stream of payments.

Yet, a stream of payments does not protect a secured creditor against the destruction of the property securing its claim. Instead, adequate protection of a creditor's interest against the risk of collateral destruction is most often accomplished through physical damage insurance.[2]

In the case at bar Clanton Financial has not complained that its interest is not protected against ordinary depreciation of the value of its collateral as a result of normal use and the sheer passage of time. Instead, it complains that its interest is not protected against the risk of destruction of the collateral.

The court is sympathetic with the debtor's plight of a limited income and the

---

[2]Another way to adequately protect a secured creditor against the risk of collateral destruction is to offer the creditor an interest in other, additional property of the debtor. *See* 11 U.S.C. § 361(2).

hardship that the expense of insurance will pose.  Further, the court is mindful that the collateral at issue is an older model vehicle.  Yet, the vehicle has been valued under the plan at a not so insignificant $5,300.  The court agrees that without physical damage insurance the creditor's interest is not adequately protected.  Accordingly, it is

ORDERED that Clanton Financial's motion for relief from stay is CONDITIONALLY GRANTED.  The automatic stay will terminate without further order of this court if the debtor fails to obtain physical damage insurance on the collateral naming Clanton Financial as loss-payee before October 1, 2007.

Done this the 11th day of September, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Raymond F. Jones, Jr., Debtor
   Gail Donaldson, Debtor's Attorney
   Britt B. Griggs, Clanton Financial's Attorney
   Curtis C. Reding, Chapter 13 Trustee